## In re UNITED TELEPHONE & ELECTRIC CO.

### No. 1223.

District Court, D. Delaware.

Dec. 13, 1940.

B. F. Napheys, Jr., of Denver, Colo., and Stewart Lynch, of Wilmington, Del., for Trustee.

B. I. Litowich, of Salina, Kan., and Aaron Finger, of Wilmington, Del., for Buzick 7% Preferred Stockholders' Committee.

John F. Rhodes, of Kansas City, Mo., and Josiah Marvel, Jr., of Wilmington, Del., for Gates 6% Preferred Stockholders' Committee.

A. Z. Patterson, of Kansas City, Mo., and Howard Duane, of Wilmington, Del., for Common Stockholders' Committee.

William Ritchie, of Omaha, Neb., and Albert W. James, of Wilmington, Del., for Allen 6% Preferred Stockholders' Committee.

Clarence A. Southerland, of Wilmington, Del., for Reorganization Managers.

John W. Huxley, Jr., of Wilmington, Del., and Ira C. Snyder, of Manhattan, Kan., for Polson 7% Preferred Stockholders' Committee.

NIELDS, District Judge.

July 7, 1936 debtor filed its petition for reorganization in this court under section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. Five committees were formed representing creditors and stockholders. July 3, 1937, a Board of Reorganization Managers, consisting of one representative from each committee, was organized for the purpose of formulating a plan of reorganization. October 27, 1937 William C. A. Henry, sole Trustee, registered debtor under the Public Utility Holding Company Act, 15 U.S.C.A. § 79 et seq.

July 28, 1938, the reorganization managers proposed a plan of reorganization. It was finally approved by the Securities and Exchange Commission pursuant to section 11 (f) of the Act. August 3, 1938 the Securities and Exchange Commission issued a report on the plan of reorganization pursuant to section 11(g) of the Act. November 3, 1938 this court approved the plan. December 31, 1938 the assets of the debtor were transferred to a new company, United Utilities, Incorporated. The plan of reorganization provided that allowances for reorganization fees and expenses should be paid by the new company.

Pursuant to section 11(f) of the Public Utility Holding Company Act of 1935 and amendments thereof, and Rule U–11–F–2 of the General Rules and Regulations of the Securities and Exchange Commission, applications were filed with the Securities and Exchange Commission for the approval of the maximum amounts which might be paid out of the estate of the debtor to certain individuals, firms and corporations for services rendered and expenses incurred in connection with the reorganization proceedings. Forty-three applicants requested fees and expenses in the aggregate amount of $567,653.67. Amendment of some of the applications reduced the aggregate requests to $526,810.54.

After appropriate notice, public hearings on the above applications were held before a Trial Examiner at Washington, D. C., and Kansas City, Missouri. These hearings were protracted. Many days were devoted to hearing the applicants and witnesses. Over 3,600 pages of testimony were taken. The Trial Examiner filed an advisory report in which he recommended that the maximum allowances should not exceed $117,634.34. Exceptions to the report with briefs were filed by some of the applicants. May 28, 1940, tentative findings of the Commission were issued. Upon exceptions, arguments and briefs the Commission revised its tentative findings and opinion. As so revised, they were made final as to all parties, July 25, 1940. They amounted in the aggregate to approximately $265,000.

138

August 7, 1940, this court ordered all applications for allowances in connection with the reorganization of the debtor to be filed on or before August 20, 1940. The order further provided that each applicant should state in his application whether he intended to rely on the record before the Securities and Exchange Commission to support his application or would introduce further and other evidence in support of his application.

Applications were filed in this court requesting the allowance of compensation for services and expenses in the amounts allowed by the Commission. Each applicant stated that he intended to rely upon his petition and the record before the Commission and would not introduce further or other evidence.

Upon a review of the entire record the court is satisfied that the allowances finally made by the Securities and Exchange Commission are reasonable and proper. Those allowances will be made by the court.

Henry J. Allen.

■ The finding of the Commission fixing the maximum allowance to Henry J. Allen at $750 was subject to the condition: "To be effective only in case the bar to such compensation described in the Commission's Final Findings and opinion is by the court held inapplicable in the premises."

Allen was chairman of the Allen 6% Stockholders Protective Committee. At the time he was chosen chairman he owned ten shares of the debtor's preferred stock. While chairman he purchased 50 additional shares. He still retains these shares. More than a year after the purchase, section 249 of the Chandler Act, 11 U.S.C.A. § 649, was passed.

From the facts and the circumstances of this case the court finds Allen is not barred from receiving compensation. The amount fixed by the Commission will be allowed.

Sam R. Heller.

■ March 19, 1936, the court authorized the employment of this applicant to determine the correctness of deficiency assessments for income taxes for the years 1932 and 1933. He had represented the debtor and its numerous subsidiaries for a number of years as tax supervisor. He filed a protest against the 1932 assessment of $95,415, and the 1933 assessment of $4,715.48, and a later assessment for 1934 of $7,764.04.

This application was not considered by the Securities and Exchange Commission but was heard by the court. Heller was the sole witness in his own behalf. Lynch and Napheys, attorneys for the trustee, testified against the allowance sought. While Heller did not make the actual settlement with the Treasury Department he did render valuable services. For these services he will be allowed $2,500.

An order may be submitted.